United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CRISTOFHER RUIZ TELLEZ,

Petitioner,

v.

U.S. GENERAL ATTORNEY, *et al.*,

Respondents.

Case No. 1:26-cv-05004 (EJD)

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 10

Petitioner Cristofher Ruiz Tellez is detained at the California City Immigration Processing Center pending the resolution of his removal proceedings. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 arguing that his present detention by U.S. Immigration and Customs Enforcement ("ICE") violates due process. *See* Dkt. No. 10. For the reasons that follow, the Court finds that Petitioner is entitled to relief on his procedural due process claim.

## I. BACKGROUND

Based on parties' submissions, the Court finds the following facts. Petitioner entered the United States in 1998 as child. Dkt. No. 10 ¶ 2. Following his entry, he was granted Deferred Action for Childhood Arrivals ("DACA") status, which he claims he maintained for many years. *Id.* ¶ 4. Petitioner completed high school in the United States, attended three years of college and, at the time of his detention, was working in construction to earn the funds he needed to return to college. *Id.* ¶ 5.

In 2018, Petitioner was charged with driving under the influence. *Id.* ¶ 6. As a result of the pending charge, USCIS denied his DACA status. *Id.* The charge remains pending to this day, and Petitioner claims that he had no other criminal charges since this DUI arrest over eight years ago.

*Id*. ¶¶ 7–8, 11. Petitioner entered a plea of not guilty to the DUI charge in February 2026. *Id*. ¶ 8. He was detained by ICE on May 18, 2026 when attending a court hearing in relation to the plea. *Id*. He has remained detained since that date without the opportunity for a bond hearing as Respondents maintain that his detention is mandatory under 8 U.S.C. § 1225(b). *See* Dkt. No. 7 at 1–2; Dkt. No. 11 at 1.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents oppose constitutional relief on the grounds that Petitioner's detention without bond is lawful under 8 U.S.C. § 1225(b)(2), however, they do not otherwise address Petitioner's due process claim. *See* Dkt. No. 7. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

United States District Court
Eastern District of California

**A. Liberty Interest**

Judges throughout the Ninth Circuit have repeatedly held, on facts materially similar to these, "that a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." *Norberto C.M. v. Warden, Central Vallet Annex*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026); *see also De La Garza v. Albarran*, No. 25-CV-10305, 2025 WL 3485157, at *4 (N.D. Cal. Dec. 4, 2025) (finding liberty interest where non-citizen had previously applied for legal permanent residence and completed biometrics processing, but was detained at an ICE check-in the following year); *Villanueva-Montanez v. Lyons*, No. 2:26-CV-00954, 2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026) (finding that when a noncitizen "enter[s] the United States lawfully" and later seeks lawful immigration status, but is not detained thereafter, it vests the same liberty interest as a prior detention and release); *Anderson v. Chernut*, No. 1:26-CV-01960, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026) (explaining that "the government's knowing decision not to detain an individual creates a liberty interest in their continued release"); *Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding that "the government's decision not to detain Petitioner when it processed her [immigration] application, took her biometrics, ... and advised her to appear" for appointments connected with her application gave rise to a liberty interest); *Abdeltawab v. Armant*, No. EDCV 26-01520, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) (finding a liberty interest for petitioners who "have never been in immigration custody in the first place due to years of deliberate acquiescence by [the government]").

The court finds that reasoning applicable here. Petitioner has lived in the United States for over twenty-five years and was expressly authorized to remain in the United States pursuant to DACA. And though his DACA status was not renewed in 2019, at no point did the Government seek to detain Petitioner, even though USCIS was aware of Petitioner's DUI charge. By acquiescing to his continued presence in the United States, the Government vested in Petitioner a

United States District Court
Eastern District of California

liberty interest in his continued freedom.

The Government's reliance on § 1225(b) does not change this finding. As to § 1225(b)(2)(A), the Ninth Circuit has found that this statute does not apply to "applicants for admission"—which Respondents contend Petitioner qualifies as—who are arrested in the interior of the country. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Additionally, even if it were applicable, "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). As Petitioner has been permitted to live at liberty for many years, he was entitled to process prior to the deprivation of his freedom.

**B. *Mathews* Factors**

Having found a protected liberty interest, Petitioner was entitled to process commensurate with that interest. Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Each factor favors Petitioner here. His interest in freedom from physical detention is weighty. *Zadvydas*, 533 U.S. at 690. The risk of erroneous deprivation from seizing a DACA recipient who has been living in the United States since childhood without any prior opportunity to be heard is substantial, and the value of a pre-deprivation hearing in reducing that risk is correspondingly high. In contrast, the Government's interest is minimal: it has identified no reason a custody hearing could not have preceded, rather than followed, Petitioner's detention. Indeed, aside from the fact that he is in removal proceedings, Respondents have provided no reason why his continued detention is necessary.

Accordingly, the Court concludes that due process requires that Petitioner be released.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the petition for writ of habeas corpus is GRANTED as to Petitioner's procedural due process claim. The Court ORDERS Respondents to immediately release Petitioner from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

**IT IS SO ORDERED.**

Dated: September 9, 2026

EDWARD J. DAVILA
United States District Judge